THE STATE, EX REL. MITCHELL, APPELLEE, *v.* ROBBINS & MYERS, INC., ET AL., APPELLANTS.

[Cite as State, ex rel. Mitchell, *v.* Robbins & Myers, Inc. (1983), 6 Ohio St. 3d 481.]

(No. 82-1640—Decided September 7, 1983.)

*Mr. Michael J. Muldoon,* for appellee.

*Messrs. Martin, Browne, Hull & Harper* and *Mr. William R. Groves,* for appellant Robbins & Myers, Inc.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Robert J. Kent,* for appellant Industrial Commission of Ohio.

*Per Curiam.* In the syllabus of *State, ex rel. Ramirez, v. Indus. Comm.* (1982), 69 Ohio St. 2d 630 [23 O.O.3d 518], the definition of temporary total disability was set forth as follows: "Under R.C. 4123.56, temporary total

disability is defined as a disability which prevents a worker from returning to his former position of employment."

In addition to the aforementioned definition, this court has recognized that "* * * there must be a causal connection between an injury arising out of and in the course of a worker's employment and his harm or disability * * *." *Gilbert* v. *Midland-Ross* (1981), 67 Ohio St. 2d 267, 270 [21 O.O.3d 168]. See, also, *Fox* v. *Indus. Comm.* (1955), 162 Ohio St. 569 [55 O.O. 472].

Appellants do not contest that the medical evidence included in the record indicates that appellee's disability prevents him from returning to his former position of employment. Rather, it is appellants' contention that certain medical evidence of record clearly indicates that appellee's disability was attributable to a prior back injury, occurring in late 1968, and not from any incident which occurred on August 1, 1974.

In support of this contention, appellants rely upon the medical reports of Drs. Paul J. Matrka and John Q. Brown. Dr. Matrka's medical report provides, in part, as follows:

"* * * I feel that the question here is by the patient's own history as to what the actual injury was to precipitate this type of pain since there was no actual slipping or trauma other than lifting an object. I am certain that this degenerative change was pre-existent to this lifting injury and wonder if this would not be based on the degenerative change as opposed to any frank injury."

Dr. Brown's conclusion provides:

"* * * The claimant did not mention any previous history of back injury, but on reviewing the file it was found that there was a history of back injury about 3 years prior to 1972 when he fell backwards over his tool box. Upon questioning him about this, he stated yes that he had had a back injury prior to [August 1, 1974] * * *.

"* * *

"This claimant apparently has had previous back trouble prior to the injury of 8/1/74 and has had apparently severe degenerative changes occurring in the lumbar area."

Based upon these medical reports, as well as hospital records relating to appellee's 1968 injury, appellants argue that the reasoning for the denial of the claim by the district hearing officer, which was subsequently affirmed by the commission, is that no direct and proximate causal relation exists between the August 1974 injury and appellee's disability. Specifically, appellants maintain that appellee's disability stems from degenerative arthritis resulting from his injury in 1968.

As cogently observed by the court of appeals, the reasoning forwarded by the district hearing officer in denying the claim and the reasoning now advanced by appellants is markedly different. Although evidence of a prior injury exists within the record, the commission's order denying compensation does not indicate that appellee's disability was unrelated to the August 1974

occurrence; instead, the order simply states "that [the] claimant is not totally disabled *at this time.*" (Emphasis added.)

Appellants correctly state that causal connection is a necessary condition precedent to obtaining an award under the Workers' Compensation Act. *Fox, supra.* However, it is incumbent upon district hearing officers, regional boards of review and the commission to weigh the evidence and reach a conclusion regarding causation, as well as the existence and degree of a claimed disability.

The subject order contains no qualifications. As such, we construe the order in a single fashion; that is, that appellee was not at the time of the hearing disabled from any injury. A careful review and examination of the record, however, reveals that there is no evidence to support this finding as all of the evidence contained therein indicates that appellee was temporarily and totally disabled and that he could not return to his former position of employment. Accordingly we apply the rationale set forth in *State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42 [13 O.O.3d 30], wherein it was concluded that "[w]here there is no evidence upon which the commission could have based its factual conclusion an abuse of discretion is present and mandamus becomes appropriate."

Moreover, if, as appellants suggest, the district hearing officer and the commission had actually meant something else when the order was issued and subsequently approved, then they should have so stated. See, *e. g.,* R.C. 4123.515 which requires district hearing officers to state the reasons for their decisions. Essentially, appellants request that the evidence be reweighed and that this court reach a conclusion of the issue of causation opposite that reached by the commission. Such requests have been and will continue to be denied by this court. See *State, ex rel. GF Business Equip., Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446 [20 O.O.3d 379], and *State, ex rel. Kilburn,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 103, 105.

This appeal highlights a problem which is becoming increasingly prevalent; that is, the commission's failure to state with any precision the basis for its decisions. Claimants and employers alike, who appear before the commission, are frequently informed that requested benefits are either being granted or denied based on "the evidence in the file and/or the evidence adduced at the hearing." See *State, ex rel. Berry,* v. *Indus. Comm.* (1983), 4 Ohio St. 3d 193, 196-198 (Clifford F. Brown, J., concurring). In the present case, this problem is exemplified as a result of the parties' dispute over the meaning of the district hearing officer's report.

For the reasons that follow, we will, when necessary, henceforth grant a writ of mandamus directing the commission to specify the basis of its decision. Cf. *State, ex rel. Cox,* v. *Indus. Comm.* (1981), 67 Ohio St. 2d 235 [21 O.O.3d 147]; *State, ex rel. GF Business Equipment, Inc.,* v. *Indus. Comm.* (1982), 2 Ohio St. 3d 86. In other words, district hearing officers, as well as regional boards of review and the Industrial Commission, must specifically state which evidence and only that evidence which has been relied upon to

reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested. Moreover, this court will no longer search the commission's file for "some evidence" to support an order of the commission not otherwise specified as a basis for its decision.

It will, of course, not be necessary to grant a writ for purposes of clarification when the basis for a decision has been sufficiently stated. Likewise, no such writ will be granted when, as here, the record demonstrates the relator's clear legal right to relief in spite of an order adequately explaining its basis. This rule, however, has no application to commission orders which may be appealed under R.C. 4123.519, as the need is obviated due to *de novo* review in those cases.

We take this step, first and foremost, because the duty to so specify the basis for its decisions is imposed upon the commission by statute. R.C. 4123.515 directs a district hearing officer to "* * * present his decision with reasons therefor * * *." Similar duties are imposed upon regional boards of review and the commission by R.C. 4123.518. See, also, R.C. 4121.36 (B).

Secondly, a decision of a district hearing officer, a regional board of review, or the commission which specifically sets forth the basis for the decision will enable this court, as well as the Court of Appeals for Franklin County, to readily discern the specific grounds relied upon and whether the record supports such a finding when a party to the proceeding initiates an action for a writ of mandamus. Our task will be eased by a succinct statement setting forth only that evidence relied upon in reaching a decision and why the claimant was granted or denied requested benefits. In addition, and equally as important, those parties precluded from perfecting an appeal in accordance with R.C. 4123.519 will be better advised as to why a particular decision was reached.

For all of the foregoing reasons, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

SWEENEY, C. BROWN and J. P. CELEBREZZE, JJ., concur.

CELEBREZZE, C.J., W. BROWN and LOCHER, JJ., concur in judgment only.

HOLMES, J., concurs in part and dissents in part.

HOLMES, J., concurring in part and dissenting in part. I am in wholehearted agreement with the policy pronouncements contained in this opinion; however, I must dissent from the judgment. The pronouncement that district hearing officers, as well as regional boards of review, and the Industrial Commission, must specifically state which evidence is relied upon to reach their conclusion, is a salutary one, and long overdue. When writing as a

judge of the Tenth District Court of Appeals, I opined for just such a rule on a number of occasions.

I dissent from the judgment, in that I would grant only a limited writ of mandamus directing the commission to specify the basis of its decision. Here, it could be reasonably concluded that the denial of the claim was based upon a determination that there was an absence of proximate cause between the August 1974 injury and the physical condition upon which the claim was based. However, this should be so stated in the final commission order if the claim is to be denied.