THE STATE, EX REL. THOMPSON, APPELLEE, *v.*
ROADWAY EXPRESS, INC., APPELLANT.

[Cite as State, ex rel. Thompson, *v.* Roadway Express, Inc. (1984),
12 Ohio St. 3d 76.]

(No. 83-1403—Decided July 11, 1984.)

*Will G. Horbaly & Associates, Mr. Kurt Karakul* and *Mr. Will G. Horbaly,* for appellee.

*Messrs. Knepper, White, Arter & Hadden, Mr. Douglas M. Bricker* and *Mr. David C. Patterson,* for appellant.

*Per Curiam.* In the syllabus of *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630 [23 O.O.3d 518], temporary total disability is defined as follows: "Under R.C. 4123.56, temporary total disability is defined as a disability which prevents a worker from returning to his former position of employment." As noted by the court of appeals, none of the medical reports indicated that appellee could return to his former position of employment. Based on the well-established rule that "[w]here there is no evidence in the record to support or justify an order of the Industrial Commission, * * * the action of the Industrial Commission * * * constitutes an abuse of discretion, subject to correction by an action in mandamus," *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9 [58 O.O.2d 66], the court of appeals granted the writ.

Appellant argues that notwithstanding appellee's inability to return to work, his disability is not causally related to his injury of September 8, 1980, but rather is due to a prior back injury, which occurred on September 22, 1977. This court has recognized that "there must be a causal connection between an injury arising out of and in the course of a worker's employment and his harm or disability * * *." *Gilbert* v. *Midland-Ross* (1981), 67 Ohio St. 2d 267, 270 [21 O.O.3d 168]. The court of appeals did not address this point perhaps because none of the reports noting lack of causation was specifically cited in the district hearing officer's order. This fact brings this appeal within the rule recently established in *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481.

In *Mitchell* this court dealt with "* * * a problem which is becoming increasingly prevalent; that is, the commission's failure to state with any precision the basis for its decisions. Claimants and employers alike, who appear before the commission, are frequently informed that requested benefits are either being granted or denied based on 'the evidence in the file and/or the evidence adduced at the hearing.' * * * [Citation omitted.]" *Id.* at 483. This problem is also present in the instant appeal.

The order of the district hearing officer stated "that the Claimant is not Temporary Total [*sic*] disabled *due to* the allowed conditions of this claim." (Emphasis added.) This language does denote a failure to establish the necessary causal connection. That is not the end of the inquiry, however. In *Mitchell* this court went on to say that "* * * *district hearing officers,* as well as regional boards of review and the Industrial Commission, *must specifically state which evidence and only that evidence which has been relied upon to*

*reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested." Id.* at 483-484. (Emphasis added.)

*Mitchell* establishes two separate requirements: (1) that the order contain a brief explanation of why the benefits have been granted or denied, and (2) that it specifically state which evidence and only that evidence which has been relied upon. Although the district hearing officer gave a brief explanation of why the benefits were being denied, he did not specifically state which evidence he relied upon. Instead he resorted to the standard phrase printed at the bottom of the order: "The decision in this claim is based on the evidence in the file and/or evidence adduced at the hearing."

The September 25, 1981 decision of the district hearing officer did not meet the requirements enunciated in *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc., supra.* "[T]his court will no longer search the commission's file for 'some evidence' to support an order of the commission not otherwise specified as a basis for its decision." *Id.* at 484.

The judgment of the court of appeals is therefore reversed and the cause is remanded to the Industrial Commission for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. Because of the cogent and correct analysis of the facts and applicable law in this case by the court of appeals, we should affirm the judgment of that court which granted a writ of mandamus ordering the Industrial Commission to vacate its order terminating relator's temporary total disability benefits. Therefore, I dissent.

The relator has a clear right to continuing temporary total disability benefits for the following reasons.

The court of appeals properly determined that the commission abused its discretion "because there is no evidence in the files indicating that relator could return to his previous employment which consisted of driving, heavy lifting and bending." Upon that correct analysis of the record the court of appeals correctly applied our holding in *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, at 632 [23 O.O.3d 518], which stated:

" 'An employee is entitled to be paid temporary total disability when injured and unable to work until one of the following three things occur: (1) he has returned to work, (2) his treating physician has made a written statement that he is capable of returning to his former position of employment, or (3) the temporary disability has become permanent.' "

The *per curiam* opinion in the instant *Thompson* case observes that Thompson's treating physician, Dr. Ben Chapman, M.D., reported that Thompson could not return to his former position because he could no longer do heavy lifting and continuous bending. The court of appeals recognized this as the crux of this case, and the keystone fact.

The report of an examining physician, Dr. Richard S. Kaufman, which this court also notes, is not inconsistent with the report of Dr. Chapman. Dr. Kaufman reported that Thompson could return to full duty work only after a return to light duty work for a two-week trial period. Legal counsel for the employer in writing to Thompson's attorney specifically stated the employer had no light duty work available for Thompson. Thus, Dr. Kaufman, like Dr. Chapman, determined that Thompson could not return to his former position. This court also refers to a report of the commission's medical advisor, Dr. V. A. Nagelis, filed on August 11, 1981, relating an examination of that date, and finding Thompson to have a "[t]otal temporary impairment [of] 4 months." The report of Dr. Nagelis also was consistent with Dr. Chapman's report of Thompson's inability to return to work. The district hearing officer, on September 25, 1981, terminated Thompson's temporary total disability benefits as of that date. This termination of total temporary disability benefits occurred on a date almost three months before the end of the period of temporary total disability as reported by Dr. Nagelis, the commission's own medical advisor.

In summary, none of the three medical reports in the record for the commission's consideration made any finding, or gave any inference of a finding, that Thompson was "capable of returning to his former position of employment," as required by *Ramirez, supra,* to justify a termination of temporary total disability benefits.

*State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, cited in the *per curiam* opinion, contains an excellent standard for the commission to follow: to state specifically the evidence on which it relied and the reasons the claimant is or is not entitled to the benefits requested. The commission should have applied this standard in the instant case.

However, *Mitchell, supra,* contains no language to support a decision of this court, as in this case, that the failure of the commission to surround its order with specificity requires this court, or any court, to deny a writ of mandamus to a claimant where he has a clear legal right to a writ to compel the commission to pay temporary total disability benefits.

The well-intentioned holding in *Mitchell, supra,* which serves a wholesome purpose to advance the cause of justice when utilized properly, has been emasculated here to frustrate justice. When relief in mandamus is sought in the court of appeals under R.C. Chapter 2731, the relator either is entitled on the record to a writ granting the specific relief sought in the complaint, or to a denial of the writ. On appeal to this court from the court of appeals, where that court grants a writ of mandamus, as it did in this case, this court is limited to affirming or reversing the judgment of the court of ap-

80

peals. The statutory remedy of mandamus does not provide, and never has been judicially interpreted to provide, for a judgment such as fashioned in this case by this court: a reversal of the judgment of the court of appeals which granted the writ of mandamus and remanding the cause to the Industrial Commission for further proceedings. It neither grants nor denies a writ of mandamus. Our unique hybrid judgment is just another way to hurl Thompson from pillar to post in the administrative agency morass until the claim dies a natural or artificial death. The goal of preserving the solvency of the State Insurance Fund will thereby be attained while the claimant's rights are buried.