THE STATE, EX REL. LUCENTE, APPELLANT, *v.* INDUSTRIAL COMMISSION
OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Lucente, *v.* Indus. Comm. (1984),
15 Ohio St. 3d 87.]

(No. 83-1532—Decided December 31, 1984.)

Messrs. *Tablack, Wellman, Jeren & Freedom* and Mr. *John A. Jeren, Jr.,* for appellant.

Messrs. *Buckingham, Doolittle & Burroughs* and Ms. *Deborah Sesek,* for appellee Strouss Division, May Department Stores.

Mr. *Anthony J. Celebrezze, Jr.,* attorney general, Mr. *Bradley J. Finn* and Mr. *Lee M. Smith,* for appellee Industrial Commission.

*Per Curiam.* Appellant urges that the commission's order of February 24, 1982 did not comply with the requirements of *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 483, that such decisions "* * * specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested." Additionally, appellant contends that there was no evidence before the commission to support a denial of his application for an award of permanent partial disability.[1]

*Mitchell, supra,* was decided after the decision of the court of appeals herein. We find that the commission's order denying appellant permanent partial disability presented adequate explanation and reference to the evidence relied on to meet the standards pronounced in *Mitchell,* were those standards to be applied here. Cf. *State, ex rel. Burdette,* v. *Dayton Walther Corp.* (1984), 14 Ohio St. 3d 29, 31.

The commission's evidentiary reference was to the reports of Drs. Dominic and Davies as well as to the 1976 claim file. Dr. Dominic's first

---

[1] Appellant also contends that the commission's order is erroneous because it referred to form C-92-A, which form is used in connection with an application to increase percentage of permanent partial disability. The form actually filed by appellant was C-92, used for initial determination of the percentage of permanent partial disability.

There is no indication that the reference to form C-92-A was other than a clerical error reflecting no prejudice to appellant, as the content and substance of such order clearly disposes of appellant's application for determination of permanent partial disability.

report concluded with a twenty percent permanent partial disability and his later report, after being apprised of appellant's prior 1978 award for permanent partial disability involving, *inter alia,* the lower back, then raised appellant's permanent partial disability to fifty-five percent. Dr. Davies, using the findings of Dr. Dominic and applying AMA guidelines, in his report concluded with a sixteen percent permanent partial impairment and a thirty-four percent permanent partial disability. Both percentages rendered by Dr. Davies were under the forty percent permanent partial disability award previously granted in 1978 to appellant. Dr. Davies, as did Dr. Dominic, had access to the 1976 claim file of appellant which was utilized in making the 1978 permanent partial disability award. The commission's reference to the reports of Drs. Dominic and Davies was sufficiently precise to support the conclusion of the commission that "percentage of permanent partial disability as a result of the allowed conditions is no greater than that previously determined * * *."

Appellant also urges that the prior forty percent permanent partial disability award should not be used in determining the 1979 injury claim, for the reason that the prior claim involved areas of the body in addition to the low back and the award did not specify what percentage of disability attached to a specific area of the body. We find that while the 1978 award of forty percent permanent partial disability also involved "right shoulder, contusion left hip," one examiner, whose report reposed in appellant's 1976 claim file and was available to both Drs. Dominic and Davies, concluded that as to the 1976 injury the permanent partial impairment involving the *lumbosacral and left sacroiliac region* was *thirty-two percent,* or *greater* than Dr. Davies' assessment of sixteen percent permanent partial impairment as to the 1979 injury.

We conclude that there is evidence to support the commission's order denying an award of permanent partial disability.

For reason of the foregoing, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.