THE STATE, EX REL. FRIGIDAIRE DIVISION, GENERAL MOTORS CORPORATION, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as State, ex rel. Frigidaire Division, General Motors Corp., *v.* Indus. Comm. (1988), 35 Ohio St. 3d 105.]

(No. 86-1777—Decided February 10, 1988.)

*Cowden, Pfarrer, Crew & Becker* and *Robert J. Davidek,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Donald Ford,* for appellant Industrial Commission.

*Michael J. Muldoon,* for appellant James F. Smith.

LOCHER, J. The sole issue presented by this appeal is whether the commission abused its discretion in affirming the order of the district hearing officer. Our review is limited to a determination of whether there is some evidence to support the decision of the commission. See, *e.g., State, ex rel. Stephenson,* v. *Indus. Comm.* (1987), 31 Ohio St. 3d 167, 170, 31 OBR 369, 372, 509 N.E. 2d 946, 949; *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 20, 31 OBR 70, 72, 508 N.E. 2d 936, 938.

It is well-settled that the determination of disputed facts and the weighing of evidence are exclusively within the jurisdiction and authority of the Industrial Commission. See, *e.g., State, ex rel. Milburn,* v. *Indus. Comm.* (1986), 26 Ohio St. 3d 119, 120, 26 OBR 102, 103, 498 N.E. 2d 440, 441; *State, ex rel. Hudson,* v. *Indus. Comm.* (1984), 12 Ohio St. 3d 169, 170, 12 OBR 237, 239, 465 N.E. 2d 1289, 1291. Accordingly, we have repeatedly stated that this court will not search the record for some evidence to support a decision by the commission. *State, ex rel Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 484, 6 OBR

531, 534, 453 N.E. 2d 721, 724. See, also, *State, ex rel. Stephenson, supra,* at 173, 31 OBR at 374, 509 N.E. 2d at 951; *State, ex rel. Thompson,* v. *Roadway Express, Inc.* (1984), 12 Ohio St. 3d 76, 77-78, 12 OBR 66, 68, 465 N.E. 2d 437, 438-439.

Thus, we are limited to searching the face of the commission's order for some evidence to support its decision. For this reason, we require that an order of the commission must briefly explain the reasoning of the commission in granting or denying the benefits requested by the claimant, and must specifically state which evidence, in particular, the commission relied upon in reaching its decision. *State, ex rel. Mitchell, supra,* at 483-484, 6 OBR at 534, 453 N.E. 2d at 724.[3]

The order of the commission in the case *sub judice* does not meet these requirements. The totality of the commission's explanation of its reasoning is that "[t]he dicision [*sic*] is based on consideration of reports of Dr. Kackley and Dr. Cherry." The problem with such a vague, homogeneous explanation is that it does not tell us what evidence, in particular, the commission relied upon. Dr. Cherry's conclusions as to the appellant's degree of impairment are apparently based on the existence of two conditions, "Conversion Disorder with Anxiety" and "Major Depression, Recurrent." While the former is an allowed condition, the latter is not.[4] If it relied unconditionally on the medical report of Dr. Cherry, the commission may have abused its discretion. Thus, the commission's order should have included an explana-

tion of what evidence, in particular, it relied upon and of how it arrived at its decision in this case. We would then have been able to tell whether the commission had abused its discretion by relying on improper evidence, namely, the evidence of "Major Depression, Recurrent" contained in Dr. Cherry's report.

The commission's use of such hollow phrases as "the decision is based on the evidence in the file and/or evidence adduced at the hearing" to explain its reasoning has been previously rejected by this court as being insufficiently specific. See *State, ex rel. Nye,* v. *Indus. Comm.* (1986), 22 Ohio St. 3d 75, 22 OBR 91, 488 N.E. 2d 867; *State, ex rel. Thompson, supra.* Conversely, this court has held statements by the commission to the effect that "the decision is based on consideration of the medical reports" of certain doctors to be in compliance with the requirements of *Mitchell.* See *State, ex rel. Smith,* v. *Indus. Comm.* (1986), 26 Ohio St. 3d 128, 26 OBR 110, 498 N.E. 2d 447; *State, ex rel. Lucente,* v. *Indus. Comm.* (1984), 15 Ohio St. 3d 87, 15 OBR 188, 472 N.E. 2d 718; *State, ex rel. Burdette,* v. *Dayton Walther Corp.* (1984), 14 Ohio St. 3d 29, 14 OBR 331, 470 N.E. 2d 897; *State, ex rel. Hudson, supra;* and *State, ex rel. Hutt,* v. *Frick-Gallagher Mfg. Co.* (1984), 11 Ohio St. 3d 184, 11 OBR 497, 464 N.E. 2d 1005. Ordinarily, more detailed explanations in such cases would be repetitive and unnecessary. As can be seen in this case, however, these abbreviated explanations are sometimes not enough, without more, to support the commis-

---

[3] Specific decisions by the commission also enable the parties involved to better understand why the requested benefits were granted or denied. See *State, ex rel. Mitchell, supra,* at 484, 6 OBR at 534, 453 N.E. 2d at 725.

[4] Appellant's motion for the allowance of "conversion neurosis" as an additional condition was granted on September 11, 1980.

sion's decisions. See, *e.g., State, ex rel. Stephenson, supra.* Accordingly, we hold that an order of the commission which is not sufficiently specific for this court to review without searching the record will be remanded to the commission for clarification.[5] *Id.* We therefore reverse the judgment of the court of appeals and remand this case to the commission for an amended order stating the specific basis for its decision.

*Judgment reversed and cause remanded.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

MOYER, C.J., not participating.

---

[5] Parties may also request that a limited writ of mandamus be issued compelling the commission to conform its order to the requirements of *State, ex rel. Mitchell, supra.*