THE STATE, EX REL. INGOLD, APPELLANT, *v.*
ORMET CORPORATION ET AL., APPELLEES.

[Cite as State, ex rel. Ingold, *v.* Ormet Corp. (1988), 39 Ohio St. 3d 353.]

(No. 87-1990—Submitted September 20, 1988—Decided November 23, 1988.)

354

*Larrimer & Larrimer* and *Craig Aalyson,* for appellant.

*Vorys, Sater, Seymour & Pease, Russell P. Herrold, Jr.* and *Anne C. Griffin,* for appellee Ormet Corporation.

*Anthony J. Celebrezze, Jr.,* attor-

ney general, and *Merl H. Wayman,* for appellee Industrial Commission.

*Per Curiam.* The primary issue presented in this action is whether the commission abused its discretion in affirming the district hearing officer's decision to deny appellant temporary total disability compensation for the time period in question. For the reasons that follow, we reverse the decision of the court of appeals and remand this action to the commission for clarification.

Appellant contends that the standard of review to be employed by a reviewing court in determining whether the commission abused its discretion should be whether there is some reliable, substantial and probative evidence to support the commission's finding to the extent that reasonable minds could come to different conclusions upon the evidence submitted. We decline to adopt this standard. It is well-established that "[o]ur review is limited to a determination of whether there is some evidence to support the decision of the commission." *State, ex rel. Frigidaire Division, General Motors Corp.,* v. *Indus. Comm.* (1988), 35 Ohio St. 3d 105, 106, 518 N.E. 2d 1194, 1196.

We have formulated this standard of review by recognizing that "* * * [t]he determination of disputed facts and the weighing of evidence are exclusively within the jurisdiction and authority of the Industrial Commission." (Citations omitted.) *Id.* We have also concluded that "* * * this court will not search the record for some evidence to support a decision by the commission. * * * Thus, we are limited to searching the face of the commission's order for some evidence to support its decision" *Id.* at 106-107, 518 N.E. 2d at 1196.

As we begin our analysis of the cause *sub judice,* it is important to note that appellant does not dispute the district hearing officer's decision of August 2, 1985, which found that appellant was not temporarily and totally disabled. Appellant seeks payment of temporary total disability compensation for the period from February 16, 1984 through August 2, 1985.

Thus, the relevant decision to be considered in our review is the district hearing officer's order of July 5, 1984, which denied appellant's motion for temporary total disability compensation. This determinative order was not disturbed throughout the administrative appeal process, although some modification was made with regard to an award of temporary partial compensation.

Again, the relevant portion of the order of July 5, 1984, states:

"No temporary total compensation payable at this time. Per Regional Board order dated 11/17/83 regarding the issue of Extent of Disability, it is the finding of this District Hearing Officer that claimant's Cat Scan is normal per Dr. Barrett's report. Therefore, no temporary total compensation payable."

No further explanation is given in the district hearing officer's order. Likewise, there is no mention of this issue in the subsequent decisions of the regional board or the commission.

In paragraph one of the syllabus of *State, ex rel. Frigidaire Division, supra,* we followed *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 6 OBR 531, 453 N.E. 2d 721, and held:

"An order of the Industrial Commission must briefly explain the reasoning of the commission in granting or denying the benefits requested by the claimant, and must specifically state which evidence, in particular, the commission relied upon in reaching its decision."

The district hearing officer's order of July 5, 1984 simply states that no temporary total compensation is payable. It does not specifically state that appellant was not temporarily and totally disabled. Moreover, it does not specifically state why temporary total disability compensation is not payable. It merely refers to the regional board's order of November 17, 1983 and the fact that appellant's CAT scan was normal "per Dr. Barrett's report."

In their attempt to persuade this court whether "some evidence" exists or not, the parties deal at length with the report of Dr. Fallon dated July 6, 1983. That report was referred to in the order of September 2, 1983, which found that appellant was not temporarily and totally disabled. Such order was subsequently affirmed by the regional board in its order of November 17, 1983. However, Dr. Fallon's report is not cited by the district hearing officer in the order of July 5, 1984. The "normal" CAT scan was all that was referred to in the district hearing officer's determination that no temporary total disability compensation was payable. Considered alone, a normal CAT scan reading is far from determinative as to whether a claimant is temporarily and totally disabled.

However, it is arguable that the district hearing officer's reference to the regional board's order of November 17, 1983, bears some significance.

Nevertheless, if the district hearing officer and the commission had actually meant to rely on such earlier findings and medical reports to reach a conclusion that appellant was not temporarily and totally disabled, then they should have so stated. This court will not search the record to "piece together" various findings of the commission in order to find support for an order that lacks specificity.

"An order of the Industrial Commission which is not sufficiently specific for the Supreme Court to review without searching the record will be remanded to the commission for clarification." *State, ex rel. Frigidaire Division, supra,* at paragraph two of the syllabus. We find that clarification of this order is necessary in order for us to determine whether the commission abused its discretion. See *State, ex rel. Mitchell, supra.*

Accordingly, we reverse the judgment of the court of appeals and remand this case to the commission for an amended order stating the specific basis for its decision.[2]

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

H. BROWN, J., not participating.

---

[2] We also reiterate our view that parties may request that a limited writ of mandamus be issued compelling the commission to conform its order to the requirements of *State, ex rel. Mitchell, supra.* See *State, ex rel. Frigidaire Division, supra,* at 108, 518 N.E. 2d at 1197, fn. 5.