[THE STATE, EX REL.] MANES, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; AKRON CITY HOSPITAL, APPELLANT.

[Cite as State, ex rel. Manes, *v.* Indus. Comm. (1990), 52 Ohio St. 3d 260.]

(No. 89-376— Submitted May 8, 1990—Decided July 18, 1990.)

*Tramonte, Kot, Davis & Lowry, Thomas P. Kot* and *Kelly L. McLaughlin,* for appellee.

*Buckingham, Doolittle & Burroughs Co., L.P.A.,* and *Deborah Sesek,* for appellant.

*Per Curiam.* Under *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 483-484, 6 OBR 531, 533-534, 453 N.E. 2d 721, 724:

"* * * [D]istrict hearing officers, as well as regional boards of review and the Industrial Commission, must specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested."

Orders that do not comply may be returned to the commission for clarification. See, also, *State, ex rel. Frigidaire Division, General Motors*

*Corp.,* v. *Indus. Comm.* (1988), 35 Ohio St. 3d 105, 518 N.E. 2d 1194. For the reasons that follow, we find that a remand is warranted.

Our analysis focuses on the district hearing officer's order, the December 3, 1986 regional board order that affirmed it, and the latter's lack of separate evidentiary findings. In *State, ex rel. DeMint,* v. *Indus. Comm.* (1990), 49 Ohio St. 3d 19, 550 N.E. 2d 174, we held that a regional board need not prepare separate evidentiary findings where it was affirming the decision and reasoning of a district hearing officer's order that satisfied *Mitchell.* The present district hearing officer's order set forth the reasoning and evidence on which it relied as required. The present case, however, is distinguishable from *DeMint* in one important respect.

Unlike *DeMint,* the regional board here originally vacated the district hearing officer's order. The December 3, 1986 affirmation came about only because the board *sua sponte* reversed itself, as the appellate court stated, "[w]ithout explanation, without reasons, and without indication of the evidence relied upon * * *." The board fails to explain why evidence that it apparently found insufficient originally to support a denial of temporary total disability compensation, suddenly persuaded it to decide otherwise. Its action is even more puzzling in light of the additional evidence presented to the board that specifically stated that appellee could not resume her former duties at that time.

We also note that by affirming the district hearing officer's order without more, the board adopted the hearing officer's evidence as its own. Here, the evidence cited by the district hearing officer in denying compensation was "Dr. Mallo's report of 8-14-86." Upon review, however, we question whether this report indeed exists. The parties consistently refer to just three Mallo reports, dated February 18, 1986, April 10, 1986 and October 29, 1986. Our examination of the record also reveals no August 14, 1986 report. The remand for clarification is thus warranted for this reason as well.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and REŚNICK, JJ., concur.