THE STATE, EX REL. YOUGHIOGHENY & OHIO COAL COMPANY, APPELLANT, *v.* ZELEK ET AL., APPELLEES.

[Cite as *State, ex rel. Youghiogheny & Ohio Coal Co., v. Zelek* (1991), 62 Ohio St.3d 305.]

(No. 90–1584—Submitted October 8, 1991—Decided December 24, 1991.)

---

*Hanlon, Duff & Paleudis Co., L.P.A.*, and *John G. Paleudis*, for appellant.

*Larrimer & Larrimer* and *David H. Swanson*, for appellee Zelek.

*Lee I. Fisher*, Attorney General, *Michael L. Squillace* and *Scott A. Armour*, for appellees Industrial Commission and Administrator, Bureau of Workers' Compensation.

---

MOYER, C.J.  Appellant seeks vacation of the commission's May 2, 1989 order and asks us to either deny permanent total disability compensation or return the cause to the commission for an amended order that adequately explains its decision.  Upon review, we find that the commission's order is flawed in two respects, warranting vacation and a return for an amended order.

The commission order's boilerplate recitation of nonmedical disability factors does not satisfy *State, ex rel. Noll, v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, which directed the commission to:

" * * * [S]pecifically state what evidence has been relied upon, and briefly explain the reasoning for its decision. An order of the commission should make it readily apparent from the four corners of the decision that there is some evidence supporting it." *Id.* at 206, 567 N.E.2d at 248.

An amended order is appropriate for a second reason. Examining the evidence on which the commission relied, we find that the effective date of permanent total disability predates all supporting evidence. The commission commenced benefits as of October 21, 1986. The earliest cited evidence of permanent total disability, however, is the December 19, 1986 reports of Drs. Gatens and Friedman. The commission thus abused its discretion by awarding compensation over a period for which there was no evidence of permanent total disability. Further reconsideration and explanation by the commission of its order in this respect are necessary.

Accordingly, we reverse, pursuant to *Noll*, that portion of the judgment below which found a brief explanation by the commission of the reasoning for its decision to be unnecessary. The remainder of the appellate court's judgment is affirmed. A writ is granted ordering the commission to vacate its order and issue an amended order in accordance with this opinion.

*Judgment reversed in part,*
*affirmed in part*
*and writ allowed.*

HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I respectfully dissent from the majority's reliance on *State, ex rel. Noll, v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. *Noll, supra,* does not control because, in the present case, it is obvious which evidence the commission relied upon to support its findings. As the court of appeals held:

" * * * Although the commission failed to set forth any reason for its determination as required by the *Mitchell–Frigidaire–Stephenson*[1] standard, the reason for the finding of permanent total disability * * * is readily apparent from the medical reports and the

---

1. See *State, ex rel. Mitchell, v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721; *State, ex rel. Stephenson, v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946; *State, ex rel. Frigidaire Div., General Motors Corp., v. Indus. Comm.* (1988), 35 Ohio St.3d 105, 518 N.E.2d 1194.

statement of facts, the evidence upon which the commission indicated it relied. * * * We do not find that those decisions [other cases cited by appellant] compel a different conclusion than that recommended by the referee with respect to the *Mitchell–Frigidaire– Stephenson* standard as applied to the basic finding that claimant is permanently and totally disabled as a result of the industrial injury." (Footnote added.)

I agree with the court of appeals' assessment of this case, and would find that there is no reason to order the commission to vacate its finding of permanent total disability. I would therefore affirm the court of appeals.

SWEENEY and DOUGLAS, JJ., concur in the foregoing dissenting opinion.