OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Yitzchak E. Gold, Assistant Court Reporter. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Fresh Mark, Inc., Appellant, v. Mihm et al., Appellants. (Consolidated Appeals.)

[Cite as State ex rel. Fresh Mark, Inc. v. Mihm (1992), Ohio St.3d .]

Workers' compensation -- Commission's order awarding compensation for impaired earning capacity not error when a cursory review of the materials in the record shows that there was sufficient evidence on which the commission could properly rely in reaching its determination.

(Nos. 91-1346, 91-1593 and 91-1670 -- Submitted September 22, 1992 -- Decided December 14, 1992.)

Appeals from the Court of Appeals for Franklin County, No. 90AP-879.

Alva J. Bowman sustained low back injuries in 1982 and 1985 in the course of and arising from his employment with Fresh Mark, Inc. (formerly known as "Superior's Brand Meats, Inc."). A workers' compensation claim resulting from the 1982 injury was recognized for "ruptured disc -- lower back." A separate claim for the 1985 injury was recognized for "lumbar intervertebral disc syndrome L3/4 on the left side."

In 1987, Bowman sought permanent partial disability compensation with respect to each claim. In separate orders, a district hearing officer for the Industrial Commission ("commission") found a percentage of permanent partial disability of eighteen percent concerning each of Bowman's claims. The two orders are virtually identical, providing, in part, that:

"* * * [T]he claimant must elect whether to receive compensation, as above determined, or to be compensated for impairment of earnings capacity; that the Application for the Determination of Percentage of Permanent Partial Disability, filed 06/29/87 be granted to the extent of this order. The medical report(s) of Dr(s) KACKLEY, MCCLOUD, HUBBELL, were reviewed, evaluated, and compared. The findings and order are based particularly on the medical report(s) of Dr(s) KACKLEY, MCCLOUD, HUBBELL, a consideration of the claimant's age, education, work history, and other disability factors including physical, psychological and sociological, that are listed

within the pending application, the evidence on record, the evidence adduced at the hearing, and any new and changed conditions."

Thereafter, Bowman elected to receive his awards as compensation for impaired earning capacity under former R.C. 4123.57(A). Fresh Mark objected to the elections and requested that the matter be set for hearing.

On March 16, 1989, following a hearing, a commission district hearing officer issued orders granting Bowman's election in both claims. The hearing officer determined that Bowman, with respect to each injury, had an impairment of earning capacity of eighteen percent. The orders also provided that the hearing officer's findings were "[b]ased on the medical reports of Dr. Steiman."1 The March 16, 1989 orders were administratively affirmed.

Fresh Mark filed a complaint in mandamus in the court of appeals, alleging that there was no evidence to support the commission's orders awarding benefits for impaired earning capacity. Fresh Mark also alleged that the commission erred in awarding concurrent benefits in two claims involving the same impairment. Accordingly, Fresh Mark requested the issuance of a writ of mandamus directing the commission to vacate its orders in both claims.

The court of appeals referred the matter to a court-appointed referee who, in her written report, found that the record contained no medical reports of a "Dr. Steiman" -- the only doctor cited in the commission's orders awarding compensation for impaired earning capacity. On this basis, the referee, citing State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, recommended the issuance of a limited writ "ordering the Industrial Commission to vacate its orders awarding compensation for impairment of earning capacity and to issue new orders granting or denying such compensation, specifying therein the evidence relied upon and briefly explaining the reasoning for its decisions." The court of appeals adopted the referee's report and entered immediate judgment. Subsequently, Fresh Mark, the commission and the Bureau of Workers' Compensation filed objections to the referee's report, all of which were overruled.

The cause is now before this court on consolidated appeals as of right.2

Buckingham, Doolittle & Burroughs, Brett L. Miller and Eleanor J. Tschugunov, for appellant Fresh Mark.

Lee Fisher, Attorney General, Cordelia A. Glenn and Gerald H. Waterman, Assistant Attorneys General, for appellants Industrial Commission and the Bureau of Workers' Compensation.

Douglas, J.    The central issue in this case is whether there is some evidence to support the commission's orders awarding compensation for impaired earning capacity. For the reasons that follow, we find that the commission's orders are supported by some evidence and are in accordance with law.

The commission's orders pertaining to the allowance of benefits for impaired earning capacity referred to the medical reports of a "Dr. Steiman." However, no such reports are contained in the record. Rather, the only medical reports

which appear in the record are those of Drs. Kackley, McCloud and Hubbell.  The reports of these three doctors were referred to in the commission's earlier orders determining the percentage of permanent partial disability.  Given the commission's reliance on the reports of these three doctors in its earlier determinations, and the fact that the record contains no reports of a "Dr. Steiman," we are convinced that the commission's references to "Dr. Steiman" in its orders awarding compensation for impaired earning capacity were inadvertent errors.

A cursory review of the materials in the record shows that there was sufficient evidence (some evidence) on which the commission could properly rely in determining that Bowman was entitled to compensation for a thirty-six percent impairment of earning capacity, to which each claim contributed.  The evidence also supports the commission's determination to allocate the total impairment between the two separate claims, which arose from distinct physical injuries, and we find no error in this regard.

In State ex rel. Mitchell v. Robbins & Myers, Inc. (1983), 6 Ohio St.3d 481, 483-484, 6 OBR 531, 533-534, 453 N.E.2d 721, 724, and a number of other cases, we have stressed the importance of specificity of commission orders and have required that such orders contain a citation to the evidence relied upon and a brief explanation of the decision granting or denying benefits.  In Mitchell, we stated that "this court will no longer search the commission's file for 'some evidence' to support an order of the commission not otherwise specified as a basis for its decision."  Id. at 484, 6 OBR at 534, 453 N.E.2d at 724.  Our decision today does not represent a departure from the general rule of Mitchell and its progeny.  Rather, we emphasize that, in the case at bar, the commission's citations to the reports of Dr. Steiman were clearly mistakes (perhaps clerical errors) and that a mere cursory examination of the record supports the commission's orders granting Bowman benefits for impaired earning.  On these facts, we uphold the commission's orders.

Accordingly, for the reasons stated herein, the judgment of the court of appeals granting a limited writ is reversed, and the orders of the Industrial Commission are reinstated.

Judgment reversed.

Moyer, C.J., Sweeney, H. Brown and Resnick, JJ., concur.

Holmes and Wright, JJ., dissent.

FOOTNOTES:

1    The two orders were identical in all relevant respects, stating, in part, that:

"Claimant is found to have an impairment of earning capacity of 18% due to residuals from the injury * * * and is entitled to compensation under Ohio Revised Code 4123.57(A) * * *.

"Specifically, claimant is restricted in ability to perform lengthy road calls or lifting, thereby limiting the commission potential of his sales profession, as well as employment in general.

"Based on the medical reports of Dr. Steiman."

2    This case is a procedural morass which, when straightened

out, makes all parties (Fresh Mark, the commission and the Bureau of Workers' Compensation) appellants, since all completely disagree with, and have appealed from, the court of appeals' issuance of a limited writ. In case No. 91-1346, all parties filed notices of appeal. Fresh Mark was the first to file its notice of appeal (but only in the court of appeals) and, subsequently, the commission and the Bureau of Workers' Compensation filed a timely notice of appeal (not a cross-appeal) in the court of appeals and in this court. In case No. 91-1593, only Fresh Mark filed a notice of appeal. In case No. 91-1670, only the commission and the Bureau of Workers' Compensation filed a notice of appeal. Thus, notwithstanding the parties' own designations, all parties are appellants. In any event, the three cases arise out of the same issue and are consolidated for decision.

Wright, J., dissenting. The majority may be entirely correct that the Industrial Commission committed a "clerical error" in relying on a doctor's report that does not appear in the record. Nevertheless, I must agree with the court of appeals that it is the commission's responsibility, not the reviewing court's, to correct this error.

The majority states that the issue is "whether there is some evidence to support the commission's orders awarding compensation." While this is the proper standard of review, I believe that there is a predicate issue which must be reached before we consider whether "some evidence" supports the commission's decision. That issue is whether the commission sufficiently specified the evidence upon which it relied in reaching its decision.

In State ex rel. Mitchell v. Robbins & Myers, Inc. (1983), 6 Ohio St.3d 481, and State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, we held that the commission must "specifically state what evidence has been relied upon, and briefly explain the reasoning for its decison." Noll, supra, syllabus. The commission must to do this because it is emphatically not the reviewing court's responsibility to search the record for evidence. Mitchell, supra, at 484, 6 OBR at 534, 453 N.E.2d at 724.

In this case we have a situation in which the commission did not state with specificity the evidence of record upon which it relied. The commission affirmed orders issued by the district hearing officer which were based on medical reports filed by Dr. Steiman. The record, however, does not contain any reports by a Dr. Steiman. Therefore the commission cannot logically be said to have stated the evidentiary basis for its decision -- its decision had to have been based on other, unspecified, evidence in the record.

It is not the role of the courts to search the record for evidence to support the commission's decision. The reviewing court is only to examine the record to see that the evidence cited by the commission supports its decision. Sound policy limits the participation of the courts in the workers' compensation system to questions of law. Moreover, requiring the courts to examine the record in detail places too onerous a burden on the judiciary. In this instance a "cursory" examination of the record may well have revealed to the

majority "some evidence" to support the commission's decision. Future cases, however, will not be so effortless.

I would affirm the court of appeals.  In a case in which the reviewing court finds that the evidence relied upon by the commission does not exist in the record, the court should issue a writ ordering the commission to state with specificity the evidence upon which it actually relied.  I respectfully dissent.

Holmes, J., concurs in the foregoing dissenting opinion.