OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. LTV Steel Co., Appellee, v. Industrial Commission of Ohio, Appellant, et al.
[Cite as State ex rel. LTV Steel Co. v. Indus. Comm. (1992),    Ohio St.3d    .]
Workers' compensation -- Entitlement to permanent total disability compensation requires a showing that the medical impairment due to the allowed conditions prevents claimant from engaging in sustained remunerative employment.
(No. 91-1583 -- Submitted July 29, 1992 -- Decided October 14, 1992.)
Appeal from the Court of Appeals for Franklin County, No. 91AP-578.

Claimant, Robert M. Wagner, was injured in 1975 in the course of and arising from his employment with appellee, LTV Steel Company. His workers' compensation claim was allowed for "contusion lumbosacral spine and left elbow." Fourteen years later, he applied to the appellant, Industrial Commission of Ohio, for permanent total disability compensation, submitting the report of his attending physician, George Smirnoff. Objective studies showed "narrowing of the spinal canal, especially at the L3-L4 level, with spurring of the apophyseal joints and lumbar spine, vacuum disc lesion at L5 and bulging discs at L4 and L3 levels." In his report, Dr. Smirnoff ultimately diagnosed:

"Post traumatic arthritis of the left elbow. Post traumatic osteoarthritis of the lumbosacral spine including L3 disc protrusion and L5 spondylolisthesis. Chronic recurring lumbosacral myofascitis. Status post contusion to the lumbosacral spine and left elbow * * *."
He concluded that claimant was "permanently and totally disabled with respect to his previous occupation or any other reasonable occupation."

Claimant was examined on the commission's behalf by Dr. W. Jerry McCloud. Dr. McCloud found in his report that claimant "has lost all of his functional lumbar reserve but does have chronic radicular changes which probably are secondary to narrowing of the intervertebral foramen or possibly disc

disease."  He also concluded that claimant could not perform sustained remunerative employment.

The commission found claimant permanently and totally disabled based "particularly upon the reports of Doctors Smirnoff and McCloud, a consideration of the claimant's age, education, work history and other disability factors including physical, psychological and sociological, that are contained within the Statement of Facts prepared for the hearing on the instant Application, the evidence in the file and the evidence adduced at the hearing."

LTV filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission's boilerplate recitation of nonmedical disability factors violated State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.  The appellate court, citing Drs. Smirnoff's and McCloud's discussions of nonallowed conditions in their reports, ordered the commission to vacate its order, and returned the cause to the commission for further explanation of the "medical and nonmedical factors relied upon and of how the commission arrived at its decision."

The cause is now before this court upon an appeal as of right.

Baughman & Associates Co., L.P.A., R. Patrick Baughman and Sandra Becher Sommers, for appellee.
Lee I. Fisher, Attorney General, and Jetta Mencer, Assistant Attorney General, for appellant.

Per Curiam.   To receive permanent total disability compensation, a claimant must: (1) demonstrate an inability to perform sustained remunerative employment, and (2) causally relate that inability to the claimant's allowed conditions. State ex rel. Jennings v. Indus. Comm. (1982), 1 Ohio St.3d 101, 1 OBR 135, 438 N.E.2d 420; Fox v. Indus. Comm. (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E.2d 1.  The present claimant undisputably cannot work.  The medical reports on which the commission relied, however, discussed nonallowed conditions, and have raised a causal-relationship question.  We must determine whether the commission's order should be: (1) vacated for lack of "some evidence" supporting a causal relationship between the allowed conditions and the inability to work, or (2) vacated and returned to the commission for clarification and an amended order.  The appellate court chose the latter course and, for the reasons to follow, we reverse that decision and adopt the former course of action.

The appellate court relied on State ex rel. Frigidaire Div., Gen. Motors Corp. v. Indus. Comm. (1988), 35 Ohio St.3d 105, 518 N.E.2d 1194.  There, the commission's permanent partial disability award was based on "consideration of the reports of Dr. Kackley and Dr. Cherry."  (Emphasis added.)  Id. at 106, 518 N.E.2d at 1195.  Dr. Cherry's impairment rating, however, was partially based on nonallowed conditions.  We returned the cause to the commission for clarification, writing:

"If [the commission] relied unconditionally on the medical report of Dr. Cherry, the commission may have abused its discretion.  Thus, the commission's order should have included an explanation of what evidence, in particular, it relied upon

and of how it arrived at its decision in this case.  We would then have been able to tell whether the commission had abused its discretion by relying on improper evidence, namely, the evidence of 'Major Depression, Recurrent' contained in Dr. Cherry's report."  (Emphasis added.)  Id. at 107, 518 N.E.2d at 1196.

Frigidaire differs from the case at bar.  In Frigidaire, the order listed only the evidence considered by the commission, not the evidence on which it relied.  Further evidentiary clarification was appropriate--if the commission in Frigidaire considered, but did not rely on, Dr. Kackley's report (hence relying necessarily on Dr. Cherry's report alone), then the commission may have abused its discretion in awarding compensation.

There is no similar need for clarification here.  The commission specifically relied on the reports of Dr. Smirnoff and Dr. McCloud.  There was no question as to whether the commission may have relied exclusively on reports containing nonallowed conditions--it plainly did so.  Consequently, Frigidaire is not on point.

It has also been suggested that Noll dictates a return of the order of the commission for additional consideration.  We again disagree.  Entitlement to permanent total disability compensation requires a showing that the medical impairment due to the allowed conditions, either alone or together with nonmedical disability factors, prevents claimant from engaging in sustained remunerative employment.  Thus, to return the order for nonmedical consideration requires there also be a medical impairment affecting claimant's ability to work.  The evidence in the case here, by attributing claimant's permanent total disability exclusively to nonallowed conditions, inherently states that any medical impairment due to the allowed conditions does not affect claimant's ability to work.  Hence, a return for further consideration is pointless.

Accordingly, the judgment of the court of appeals is reversed and a writ is hereby allowed directing the commission to vacate its order due to lack of "some evidence" supporting a causal relationship between the allowed conditions and claimant's inability to work.

Judgment reversed<br>and writ allowed.

Moyer, C.J., Sweeney, Holmes and Wright, JJ., concur.
Douglas and Resnick, JJ., dissent.
H. Brown, J., not participating.