IN MANDAMUS
Relator, Sally A. Meade, commenced this original action requesting that this court issue a writ of mandamus which directs respondents, Public Employees Retirement System and Public Employees Retirement Board (collectively referred to as "PERS"), to grant her application for disability retirement benefits or, alternatively, to issue a limited writ of mandamus directing PERS to issue a new decision specifically identifying the evidence relied upon and explaining its reasons for granting or denying relator's application.
Relator was a civilian employee of the Division of Police for the city of Columbus, where she worked as a data entry operator. According to the evidence she submitted, in May 1993 she was working at her desk when she turned abruptly to reach with her left arm, and felt an acute onset of neckpain and tightness in her neck and left shoulder. She also indicates she suffers from difficulties with her feet and ankles, and from anxiety and depression.
On March 5, 1996, relator applied for disability retirement with PERS. By letter dated May 20, 1996, PERS denied benefits, stating:
 Based on the information in the medical reports, the board has denied your application for a disability benefits because you are not permanently incapacitated from the performance of your job duties.
Relator appealed the denial of disability retirement benefits, submitting additional evidence with the appeal. By letter dated September 26, 1996, PERS advised that her disability application was conditionally approved, provided she seek psychiatric treatment and be reexamined in one year.
By letter dated November 15, 1997, PERS advised relator that a periodic reexamination was necessary. Following that examination, the board, by letter dated March 24, 1998, terminated relator's benefits, stating: "Based on the medical information the Board has ordered your removal from the disability rolls effective June 30, 1998, because you are no longer permanently incapacitated for the performance of your job."
Relator appealed PERS' decision, again submitting additional documentation. By letter dated July 16, 1998, PERS advised:
 "The supplemental medical information which you submitted and current report from our examiner was reviewed by the Public Employees Retirement Board along with the other information in your file at its meeting on July 15, 1998 * * * [o]n the basis of this information, the Board sustained its previous action to remove you from the disability rolls. This decision is final." Relator then commenced the present mandamus action.
Relator first contends that PERS' decision denying her disability retirement benefits does not properly identify the evidence PERS relied on and fails to explain the reasons for denying relator's application. In strikingly similar circumstances, this court recently held that the reasoning of State ex rel Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, and State ex rel. Montague v. Police Firemen's Disability Pension Fund (1992), 78 Ohio App.3d 661, applied to the decision of PERS, especially given the applicable rule. State of Ohio ex rel. Green v. Public Employees Retirement System of Ohio (June 22, 1999), Franklin App. No. 98AP-567, unreported (1999 Opinions 1720); Ohio Adm. Code 145-11-02 (specifying that the board's denial of disability benefits shall state "its basis of denial"). Cf. State ex rel. Mitchell v. Robbins Myers, Inc. (1983), 6 Ohio St.3d 481,483 (stating that "we will, when necessary * * * grant a writ of mandamus directing the commission to specify the basis of its decision") (emphasis added).
As in Green, the decision here gives relator little insight into the basis of PERS' decision; rather they inform her that her application was denied based on the information in the medical reports. Because the decision does not cite the reasons the applications were resolved against relator or the particular evidence relied on in making the decision, meaningful review is virtually impossible.
Accordingly, we grant a limited writ of mandamus directing PERS to vacate its decision denying relator's application for disability retirement benefits, and to issue a new decision granting or denying relator's application, specifically identifying the evidence relied upon and explaining its reasons for its decision.
Limited writ granted.
BROWN and TYACK, JJ., concur.