DECISION
{¶ 1} Relator, Wheeling-Pittsburgh Steel Corporation ("relator"), filed this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order awarding to respondent, James A. Runyan ("claimant"), permanent total disability ("PTD") compensation and to rehear the PTD application.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.)
 {¶ 3} No party filed objections to the magistrate's findings of fact, and we adopt them as our own. Nevertheless, we reiterate here those facts necessary to our discussion.
 {¶ 4} The order at issue arose from a June 14, 2005 hearing by a staff hearing officer ("SHO") of the commission. The SHO granted claimant's application for PTD. In doing so, the SHO expressly stated: "The [SHO] relies upon the reports of" Drs. Timms, McFadden, and Stanko. The magistrate found, however, that the SHO could not rely on Dr. Timms' report and did not properly interpret Dr. Stanko's report and, thus, eliminated them from consideration. Although the commission here states that Dr. Timms' report is reliable, neither the commission nor claimant filed objections to the magistrate's decision on this point. Therefore, we accept the magistrate's conclusion that the commission's reliance on the Timms report and its interpretation of the Stanko report were erroneous.
 {¶ 5} With only the McFadden report remaining, the question before the magistrate was whether the commission's order was supported by "some evidence." The magistrate concluded that the commission expressly relied on the McFadden report; therefore, it did constitute some evidence upon which the commission could rely to award PTD. Relator filed the following objection to the magistrate's decision:
The Magistrate erred in ruling that the Industrial Commission adequately explained the reason for its decision, as required byState, ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203
and State, ex rel. Mitchell v. Robbins Meyers, Inc. (1983),6 Ohio St.3d 481, where nearly all the evidence relied upon by the Commission is incompetent as a matter of law and this evidence is expressly described as the reason for the decision.
 {¶ 6} In response to relator's objection, the commission and claimant argue that the McFadden report is sufficient to support the commission's decision. Although the magistrate eliminated one of the three reports identified by the SHO and found that the SHO misinterpreted a second report, Dr. McFadden concluded in his report that claimant was not capable of sustained remunerative employment. Therefore, according to the commission and claimant, the McFadden report constitutes some evidence upon which the commission could rely, the commission stated its reliance on the McFadden report, and State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203, requires nothing more.
 {¶ 7} We agree with the commission and claimant that, in general, the elimination of portions of the evidence relied upon by the commission does not necessarily require a rehearing of the evidence. As this court concluded in State ex rel. McEndree v.Indus. Comm., Franklin App. No. 01AP-1013, 2002-Ohio-3503, the removal of one expert's report on PTD compensation does not result in an abuse of discretion where other evidence exists to support the commission's order.
 {¶ 8} In this case, however, the SHO's order reflected only limited reliance on the McFadden report. In presenting the evidence, the SHO referenced the McFadden report, as follows:
According to Dr. McFadden's 07/19/2004 report, the claimant has chronic pain and depression and has difficulty managing chronic pain and depressive mood which affects his ability to concentrate. Dr. McFadden opined that the dysthymic disorder prevents him from engaging in sustained remunerative employment.
 {¶ 9} While the SHO concluded that "the claimant's physical limitations prevent claimant from even performing sedentary work per Dr. Stanko's report[,]" the SHO made a more limited conclusion regarding claimant's dysthymic disorder, the mental illness for which Dr. McFadden was treating him: "The [SHO] finds the allowed dysthymic disorder affects the claimant's ability to concentrate, which further limits the claimant's ability to learn new tasks and skills." Thus, the SHO made an express finding concerning the dysthymic disorder for which Dr. McFadden was treating claimant, but did not find that the disorder prevented claimant from performing sedentary work. Rather, the SHO concluded only that the dysthymic disorder "affects" and "further limits" his abilities. Thus, as limited by the SHO, the McFadden report, standing alone, could not constitute some evidence upon which the commission relied to find that claimant was incapable of sustained remunerative employment.
 {¶ 10} We note, too, that the SHO set the start date of the PTD payment as July 15, 2004. The SHO chose "this date because it is the date of the persuasive report of Dr. Timms." However, because the magistrate eliminated the Timms report as reliable evidence, it cannot serve as a basis for setting a start date for compensation.
 {¶ 11} In conclusion, having reviewed the evidence independently, we sustain relator's objection on the following grounds: the magistrate's finding that the commission misinterpreted the Stanko report, which supported the SHO's finding regarding claimant's physical limitations; the SHO's reliance on the McFadden report to conclude only that the dysthymic disorder affected and further limited claimant's abilities; and the magistrate's elimination of the Timms report, which supported the SHO's start date for the PTD compensation. For these reasons, we sustain relator's objection to the extent noted, grant relator's request for a writ of mandamus, and order the commission to rehear claimant's PTD application. On rehearing, the commission shall not consider the report of Dr. Timms, but may consider all other evidence in a manner consistent with this decision.
Objection sustained,
 writ of mandamus granted.
Travis, J., concurs.
Bryant, J., dissents.