THE STATE, EX REL. BURDETTE, APPELLANT, *v.* DAYTON WALTHER CORP.; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Burdette, *v.* Dayton Walther Corp. (1984), 14 Ohio St. 3d 29.]

(No. 84-694—Decided November 21, 1984.)

*Mr. James R. Piercy* and *Mr. Richard M. Malone,* for appellant.

· *Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Michael L. Squillace* and *Mr. Lee M. Smith,* for appellee.

*Per Curiam.* Appellant seeks a writ of mandamus to order the Industrial Commission to award him permanent total disability benefits due to his work-related impairment of pulmonary silicosis.

R.C. 4123.68 concerns disabling occupational diseases contracted by employees in the work place. Division (Y) provides, *inter alia,* that "[c]ompensation * * * on account of silicosis * * * [is] payable only in the event of temporary total disability, permanent total disability or death * * *."

In the case *sub judice,* appellant sought a permanent total award. However, the evidence establishes that although he may be permanently and totally disabled, the disability is due only in part to the silicosis impairment. The work-related impairment only amounted to forty percent (Dr. Graham) or a low moderate level (Dr. Chinn).

In *State, ex rel. Marshall, v. Keller* (1968), 15 Ohio St. 2d 203 [44 O.O.2d 184], a worker was diagnosed as suffering from the occupational disease of silicosis together with other non-work-related pulmonary impairments. The commission denied benefits and the claimant filed a mandamus action in the court of appeals which was also denied. Upon appeal, this court acknowledged that "* * * the existence and degree of disablement caused by silicosis is a question of medical fact * * *," and that the courts of this state will not "* * * act as a jury and * * * review and weigh medical evidence." *Id.* at 204-205. " '* * * In such a situation the relator obviously does not show a clear right to relief by way of mandamus * * *.' " *Id.* at 205.

In the instant case there was substantial evidence before the commission which was probative of the extent of Burdette's impairment due to silicosis. The determination of disputed facts is within the final jurisdiction of the commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion. *State, ex rel. Allerton, v. Indus. Comm.* (1982), 69 Ohio St. 2d 396 [23 O.O.3d 358]. The medical evidence herein does not support a finding of permanent total disability. Accordingly, Burdette has failed to demonstrate abuse of discretion, as both the commission's order and the appellate court's denial of the writ of mandamus appear consistent with the legislative enactments.

Appellant also contends that the commission's order is legally insufficient in that it does not specifically state which evidence the commission relied upon to reach its conclusion, nor is there a brief explanation stating why the claimant is not entitled to the benefits, as required by *State, ex rel. Mitchell, v. Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481. This court recently stated that it would decline to retrospectively apply the minimum standards for commission orders required by *Mitchell. State, ex rel. Hudson, v. Indus. Comm.* (1984), 12 Ohio St. 3d 169, 171, at fn. 1. While the order in the case *sub judice* was issued prior to *Mitchell,* it nevertheless did articulate the evidence relied on by the commission.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.