OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Zalud Oldsmobile, Inc., Appellant, v. Industrial Commission of Ohio et al., Appellees.

[Cite as State ex rel. Zalud Oldsmobile, Inc. v. Indus. Comm. (1992),      Ohio St.3d    .]

Workers' compensation -- Doctors' reports are not "some
      evidence" supporting an award of temporary total
      disability compensation, when.

(No. 91-606 -- Submitted May 12, 1992 -- Decided September 2, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 89AP-634.

Appellee-claimant, Joseph L. Mudri, worked as an auto mechanic for thirty-two years with appellant, Zalud Oldsmobile, Inc. His duties included brake repair, which exposed him to asbestos. For forty years, claimant also smoked one and one-half packs of cigarettes a day.

Claimant last worked on February 19, 1987. One week later, claimant filed an occupational disease claim with appellee Industrial Commission of Ohio, alleging that he had contracted asbestosis and respiratory lung disease while in the course of his employment with appellant. Medical evidence before the commission included reports from Dr. Lawrence Martin and attending physician Dr. Anthony DiMarco. Dr. DiMarco's reports diagnosed asbestosis due to work exposure. He concluded that claimant was permanently and totally disabled as a result. Dr. Martin specifically opined that claimant did not have asbestosis, and diagnosed asbestos-related pleural disease and obstructed airways disease from smoking. The doctor stated that claimant's respiratory impairment prevented a return to his former position of employment. Dr. Martin could not, however, "apportion the cause of claimant's impairment between cigarettes and asbestos," finding it "difficult if not impossible to quantitate the relative contributions of both causes."

A commission district hearing officer allowed the claim for "asbestos pleural disease" and, based on the reports of Drs. Martin and DiMarco and medical reports on file, awarded temporary total disability compensation from "2-20-87 through 2-1-88, and to continue." The order was administratively

affirmed.

Appellant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in awarding temporary total disability compensation.  The court of appeals disagreed.  While it found that neither the reports of Dr. Martin or DiMarco, standing alone, supported temporary total compensation, it concluded that a cumulative reading of their reports did.

This cause is now before this court upon an appeal as of right.

Millisor & Nobil, John R. Slater, Keith L. Pryatel and Tod T. Morrow, for appellant.
Lee I. Fisher, Attorney General, Dennis L. Hufstader and William J. McDonald, for appellee Industrial Commission.
Sanislo, Bacevice & Associates and John P. Bacevice, for appellee Mudri.

Per Curiam.   The parties agree that claimant's respiratory difficulties prevent him from resuming his former position of employment.  Dr. DiMarco diagnosed asbestosis, related it to work exposure, and concluded that claimant was totally disabled as a result.  On the other hand, Dr. Martin found no asbestosis attributable to work exposure, only pleural disease.  He also diagnosed obstructed airways disease due to claimant's chronic smoking.  While both causes contributed to claimant's disability, Dr. Martin could not quantify their respective contributions.  We must determine whether these reports are "some evidence" supporting an award of temporary total disability compensation from February 20, 1987  through February 1, 1988.  State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.  We find that they are not.

The appellate court correctly concluded that neither the reports of Drs. Martin nor DiMarco, standing alone, provided "some evidence" of temporary total disability.  Dr. Martin's report fails to provide some evidence because it partially attributes claimant's inability to work to a nonindustrial obstructed airways disease.  See State, ex rel. Burdette v. Dayton Walther Corp. (1984), 14 Ohio St.3d 29, 14 OBR 331, 470 N.E.2d 897 (the presence of other nonindustrial lung problems precludes a finding of permanent total disability in a respiratory occupational disease claim).  See, also, State ex rel. Frigidaire Div., Gen. Motors Corp. v. Indus. Comm. (1988), 35 Ohio St.3d 105, 518 N.E.2d 1194 (commission can abuse its discretion by relying on a report that partially attributes disability to a nonallowed condition) and State ex rel. Taylor v. Indus. Comm. (1982), 7 Ohio App.3d 263, 7 OBR 343, 455 N.E.2d 513 (no evidence in file exists to support a claim of permanent and total disability when a physician fails to specifically attribute disability to an allowed condition).

Unlike Dr. Martin, Dr. DiMarco attributes claimant's condition exclusively to a nonallowed condition -- asbestosis.  As the parties and examining physicians agree, "asbestosis" and "asbestos pleural disease" are distinct terms that should not be used interchangeably.  Accordingly, Dr. DiMarco's reports do not support a temporary total disability compensation award.

The appellate court's cumulative reading of the doctors' reports - - which pieced together Dr. DiMarco's work-related disability certification with Dr. Martin's accepted diagnosis - - conflicts with State ex rel. Zamora v. Indus. Comm. (1989), 45 Ohio St.3d 17, 543 N.E.2d 87.  Under Zamora, the commission cannot rely on a report that it rejected to deny a claim.  Here, Dr. DiMarco diagnosed asbestosis.  Dr. Martin disagreed and the commission accepted his diagnosis.  In so doing, the commission inherently rejected part of Dr. DiMarco's reports.  Thus, Dr. DiMarco's reports that diagnose asbestosis could not be some evidence supporting temporary-total-disability compensation and can not be part of any cumulative reading.

Appellant also claims that the commission's order does not fulfill the evidentiary specificity requirements of State ex rel. Mitchell v. Robbins & Myers, Inc. (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721.  This contention fails.  Mitchell was intended to assist courts in their review of commission orders.  The order at bar is capable of our review as written and does not require more elaborate explanation.

For the reasons discussed above, the judgment of the court of appeals is reversed.

                         Judgment reversed.

Moyer, C.J., Sweeney, Holmes, Wright and H. Brown JJ., concur.

Douglas and Resnick, JJ., dissent.

Douglas, J., dissenting.   I would affirm, in all respects, the judgment of the court of appeals.

Resnick, J., concurs in the foregoing dissenting opinion.