THE STATE EX REL. ZALUD OLDSMOBILE, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Zalud Oldsmobile, Inc. v. Indus. Comm.* (1992), 64 Ohio St.3d 549.]

(No. 91–606—Submitted May 12, 1992—Decided September 2, 1992.)

*Millisor & Nobil, John R. Slater, Keith L. Pryatel* and *Tod T. Morrow,* for appellant.

*Lee I. Fisher,* Attorney General, *Dennis L. Hufstader* and *William J. McDonald,* for appellee Industrial Commission.

*Sanislo, Bacevice & Associates* and *John P. Bacevice,* for appellee Mudri.

*Per Curiam.* The parties agree that claimant's respiratory difficulties prevent him from resuming his former position of employment. Dr. DiMarco diagnosed asbestosis, related it to work exposure, and concluded that claimant was totally disabled as a result. On the other hand, Dr. Martin found no asbestosis attributable to work exposure, only pleural disease. He also diagnosed obstructed airways disease due to claimant's chronic smoking. While both causes contributed to claimant's disability, Dr. Martin could not quantify their respective contributions. We must determine whether these reports are "some evidence" supporting an award of temporary total disability compensation from February 20, 1987 through February 1, 1988. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. We find that they are not.

The appellate court correctly concluded that neither the reports of Drs. Martin nor DiMarco, standing alone, provided "some evidence" of temporary total disability. Dr. Martin's report fails to provide some evidence because it partially attributes claimant's inability to work to a nonindustrial obstructed airways disease. See *State ex rel. Burdette v. Dayton Walther Corp.* (1984), 14 Ohio St.3d 29, 14 OBR 331, 470 N.E.2d 897 (the presence of other nonindustrial lung problems precludes a finding of permanent total disability in a respiratory occupational disease claim). See, also, *State ex rel. Frigidaire Div., Gen. Motors Corp. v. Indus. Comm.* (1988), 35 Ohio St.3d 105, 518 N.E.2d 1194 (commission can abuse its discretion by relying on a report that partially attributes disability to a nonallowed condition) and *State ex rel. Taylor v. Indus. Comm.* (1982), 7 Ohio App.3d 263, 7 OBR 343, 455 N.E.2d 513 (no evidence in file exists to support a claim of permanent and total disability when a physician fails to specifically attribute disability to an allowed condition).

Unlike Dr. Martin, Dr. DiMarco attributes claimant's condition exclusively to a nonallowed condition—asbestosis. As the parties and examining physicians agree, "asbestosis" and "asbestos pleural disease" are distinct terms that should not be used interchangeably. Accordingly, Dr. DiMarco's reports do not support a temporary-total-disability compensation award.

The appellate court's cumulative reading of the doctors' reports—which pieced together Dr. DiMarco's work-related disability certification with Dr. Martin's accepted diagnosis—conflicts with *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E.2d 87. Under *Zamora*, the commission cannot rely on a report that it rejected to deny a claim. Here, Dr. DiMarco diagnosed asbestosis. Dr. Martin disagreed and the commission accepted his diagnosis. In so doing, the commission inherently rejected part of Dr. DiMarco's reports. Thus, Dr. DiMarco's reports that diagnose asbesto-

sis could not be some evidence supporting temporary total disability compensation and can not be part of any cumulative reading.

Appellant also claims that the commission's order does not fulfill the evidentiary specificity requirements of *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. This contention fails. *Mitchell* was intended to assist courts in their review of commission orders. The order at bar is capable of our review as written and does not require more elaborate explanation.

For the reasons discussed above, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN,, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

DOUGLAS, J., dissenting. I would affirm, in all respects, the judgment of the court of appeals.

RESNICK, J., concurs in the foregoing dissenting opinion.