OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Lawson Company, n.k.a. Dairy Mart, Inc., Appellant and Cross-Appellee v. Industrial Commission of Ohio; Clevenger, Appellee and Cross-Appellant.

[Cite as State ex rel. Lawson Co. v. Indus. Comm. (1992),    Ohio St.3d    .]

Workers' compensation -- Evidentiary basis of commission's decision must be specified -- Supreme Court will not assume commission relied on evidence not specifically identified in its order.

(No. 91-1241 -- Submitted July 8, 1992 -- Decided September 2, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 89AP-1262.

Claimant appellee and cross-appellant, Constance Clevenger, was injured on March 5, 1987 while in the course of and arising from her employment with appellant and cross-appellee, Lawson Company, n.k.a. Dairy Mart, Inc. After her workers' compensation claim was allowed for "aggravation of pre-existing herniated lumbar disc," she received approximately three weeks of temporary total disability compensation. She resumed her previous duties as store manager on March 30, 1987, after being released to return, without restriction, by attending physician, Dr. John D. Zachary.

On June 19, 1987, claimant quit her job at Dairy Mart. A separation form indicated that claimant "gave no specific reason for leaving." Claimant does not contend that she explained her resignation to Dairy Mart.

On August 16, 1987, claimant began clerking at Higbee's department store. Four months later, she moved the Industrial Commission of Ohio for wage-loss compensation under R.C. 4123.56(B), claiming a $172 wage differential between her lower Higbee's earnings and those at Dairy Mart. Accompanying the motion were pay stubs from both employers and claimant's affidavit. Among other averments, claimant alleged that she quit Dairy Mart because of her back condition. A letter dated January 21, 1988 and other reports from Dr. Zachary were contained in the record before the commission.

A commission district hearing officer on May 25, 1988 granted claimant's motion, finding:

"* * * [C]laimant has suffered a wage loss due to the 3/5/87 industrial injury. The [s]elf-[i]nsured employer is ordered to pay claimant wage loss compensation pursuant to Ohio Revised Section 4123.56(B) at the rate of 2/3 of the difference between claimant's $312.00 salary with Lawson's and her current salary at Higbee's. Wage loss compensation is to be paid upon claimant submitting copies of wage stubs to the self-insured employer and to continue during such periods that a wage loss continues to exist with a 200 week limitation as imposed by Ohio Revised Code Section 4123.56(B) * * *.

"The order herein is based on the claimant's application [motion], evidence in the file and/or evidence adduced at the hearing."

This order was administratively affirmed.

Dairy Mart filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in awarding wage-loss compensation. The appellate court found that the order did not adequately explain the commission's decision as required by State ex rel. Mitchell v. Robbins & Myers, Inc. (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. The court returned the cause to the commission and directed it to issue an amended order setting forth the specific basis for its decision and the evidence upon which it relied.

This cause is now before this court upon an appeal and cross-appeal as of right.

Buckingham, Doolittle & Burroughs, Brett L. Miller and Eleanor J. Tschugunov, for appellant and cross-appellee.

Gaines & Stern Co., L.P.A., Sheldon L. Braverman and Suzanne Peters, for appellee and cross-appellant.

Per Curiam. R.C. 4123.56(B) provides:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

Supplementing the statute, Ohio Adm.Code 4121-3-32(D) states:

"In injury claims in which the date of injury * * * is on or after August 22, 1986, the payment of compensation for wage loss pursuant to division (B) of Section 4123.56 of the Revised Code shall commence upon application with the finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

Claimant makes less at Higbee's than she earned at Dairy

Mart.  At issue before the commission was causal relationship: did claimant's allowed condition force her to take an allegedly less strenuous (and lower paying) job at Higbee's?  The commission found that claimant had suffered a wage loss.  The appellate court, however, found that the commission's order did not satisfy Mitchell, supra, and, therefore, could not be reviewed.  For the reasons to follow, its judgment is affirmed.

The parties focus on Dr. Zachary's January 21, 1988 letter to claimant's counsel, which claimant contends is "some evidence" supporting the commission's decision.  Dairy Mart disagrees, citing perceived deficiencies in the letter.  However, the parties' focus assumes that the commission actually based its decision on that "report."  The order does not indicate that it did.

Evidentiary review is confined to reports on which the commission expressly relied.  Mitchell; State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.  We will not assume that the commission relied on evidence not specifically identified in its order.  Here, the order contains standard boilerplate language, indicating reliance on "claimant's application, evidence in the file and/or evidence adduced at the hearing."

Claimant argues that the order's reference to her application rescues the order from a return to the commission under Mitchell, which only criticized blank reference to "evidence in the file and/or * * * adduced at the hearing." Id. at 483, 6 OBR at 533, 453 N.E.2d at 724.  This assertion, however, does not aid claimant's position.  Claimant relies heavily on the January 1988 Zachary report.  That report, however, did not accompany claimant's wage-loss application - - the report was submitted later.  Thus, even if the commission did rely on claimant's application, there was no inherent reliance on the Zachary report since it was not part of the application.

The parties' position also ignores an equally valid possibility - - that the commission rejected all of Dr. Zachary's reports as unpersuasive (hence, the lack of reference to them in the order) and relied on other unnamed evidence.  To assume that the commission, to the exclusion of all other possible evidence (including other Zachary reports that may be more or less persuasive than his 1988 letter), relied solely on the January 1988 report is improper.  The parties are also essentially asking us to weigh, in the first instance, not only the disputed report, but the disputed report in conjunction with other reports prepared by Dr. Zachary.  Such judicial evaluation conflicts with Burley and must be avoided.

For these reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.