THE STATE EX REL. FRESH MARK, INC., APPELLANT, *v.*
MIHM ET AL., APPELLANTS. (CONSOLIDATED APPEALS.)

[Cite as *State ex rel. Fresh Mark, Inc.
v. Mihm* (1992), 65 Ohio St.3d 417.]

(Nos. 91–1346, 91–1593 and 91–1670—Submitted September
22, 1992—Decided December 14, 1992.)

418

*Buckingham, Doolittle & Burroughs, Brett L. Miller* and *Eleanor J. Tschugunov,* for appellant Fresh Mark.

*Lee Fisher,* Attorney General, *Cordelia A. Glenn* and *Gerald H. Waterman,* Assistant Attorneys General, for appellants Industrial Commission and the Bureau of Workers' Compensation.

DOUGLAS, J.  The central issue in this case is whether there is some evidence to support the commission's orders awarding compensation for impaired earning capacity.  For the reasons that follow, we find that the commission's orders are supported by some evidence and are in accordance with law.

The commission's orders pertaining to the allowance of benefits for impaired earning capacity referred to the medical reports of a "Dr. Steiman." However, no such reports are contained in the record.  Rather, the only medical reports which appear in the record are those of Drs. Kackley, McCloud and Hubbell.  The reports of these three doctors were referred to in the commission's earlier orders determining the percentage of permanent partial disability.  Given the commission's reliance on the reports of these three doctors in its earlier determinations, and the fact that the record contains no reports of a "Dr. Steiman," we are convinced that the commission's references to "Dr. Steiman" in its orders awarding compensation for impaired earning capacity were inadvertent errors.

A *cursory* review of the materials *in the record* shows that there was sufficient evidence (some evidence) on which the commission could properly rely in determining that Bowman was entitled to compensation for a thirty-six percent impairment of earning capacity, to which each claim contributed.  The evidence also supports the commission's determination to allocate the total impairment between the two *separate* claims, which arose from distinct physical injuries, and we find no error in this regard.

In *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 483–484, 6 OBR 531, 533–534, 453 N.E.2d 721, 724, and a number of other cases, we have stressed the importance of specificity of commission orders and have required that such orders contain a citation to the evidence relied upon and a brief explanation of the decision granting or denying benefits. In *Mitchell*, we stated that "this court will no longer search the commission's file for 'some evidence' to support an order of the commission not otherwise specified as a basis for its decision." *Id.* at 484, 6 OBR at 534, 453 N.E.2d at 724. Our decision today does not represent a departure from the general rule of *Mitchell* and its progeny. Rather, we emphasize that, in the case at bar, the commission's citations to the reports of Dr. Steiman were clearly mistakes (perhaps clerical errors) and that a mere *cursory* examination of the record supports the commission's orders granting Bowman benefits for impaired earning. On these facts, we uphold the commission's orders.

Accordingly, for the reasons stated herein, the judgment of the court of appeals granting a limited writ is reversed, and the orders of the Industrial Commission are reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, H. BROWN and RESNICK, JJ., concur.

HOLMES and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. The majority may be entirely correct that the Industrial Commission committed a "clerical error" in relying on a doctor's report that does not appear in the record. Nevertheless, I must agree with the court of appeals that it is the commission's responsibility, not the reviewing court's, to correct this error.

The majority states that the issue is "whether there is some evidence to support the commission's orders awarding compensation." While this is the proper standard of review, I believe that there is a predicate issue which must be reached before we consider whether "some evidence" supports the commission's decision. That issue is whether the commission sufficiently specified the evidence upon which it relied in reaching its decision.

In *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721, and *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, we held that the commission *must* "specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." *Noll, supra,* syllabus. The commission must to do this because it is emphatically not the reviewing court's responsibility to search the record for evidence. *Mitchell, supra,* 6 Ohio St.3d at 484, 6 OBR at 534, 453 N.E.2d at 724.

In this case we have a situation in which the commission did not state with specificity the evidence of record upon which it relied. The commission affirmed orders issued by the district hearing officer which were based on medical reports filed by Dr. Steiman. The record, however, does not contain any reports by a Dr. Steiman. Therefore the commission cannot logically be said to have stated the evidentiary basis for its decision—its decision had to have been based on other, unspecified, evidence in the record.

It is not the role of the courts to search the record for evidence to support the commission's decision. The reviewing court is only to examine the record to see that the evidence cited by the commission supports its decision. Sound policy limits the participation of the courts in the workers' compensation system to questions of law. Moreover, requiring the courts to examine the record in detail places too onerous a burden on the judiciary. In this instance a "cursory" examination of the record may well have revealed to the majority "some evidence" to support the commission's decision. Future cases, however, will not be so effortless.

I would affirm the court of appeals. In a case in which the reviewing court finds that the evidence relied upon by the commission does not exist in the record, the court should issue a writ ordering the commission to state with specificity the evidence upon which it actually relied. I respectfully dissent.

HOLMES, J., concurs in the foregoing dissenting opinion.