OPINION
{¶ 1} This appeal arises out of a divorce decree issued by the Columbiana County Court of Common Pleas, Domestic Division. Appellant Karen Ann White argues that she should have been awarded spousal support; that division and distribution of her marital property was incorrect; and that custody of the parties' children should not have been awarded to Appellee Mark E. White. For the following reasons, the decision of the trial court is reversed and remanded with respect to the issue of spousal support and affirmed in all other respects.
 {¶ 2} The parties were married on July 19, 1985. The parties had three children together: Ian, d.o.b. 8/14/84; April, d.o.b. 3/26/87; Mark, d.o.b. 5/15/93. Appellant filed for divorce on July 28, 2000. A contested divorce hearing was held on July 19, 2001. The divorce was granted by judgment entry filed on August 21, 2001.
 {¶ 3} Appellant's three assignments of error assert:
 {¶ 4} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT AWARDING THE DEFENDANT-APPELLANT SPOUSAL SUPPORT.
 {¶ 5} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY AWARDING PROPERTY TO THE DEFENDANT-APPELLANT THAT THE PLAINTIFF-APPELLEE HAD BURNED.
 {¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DESIGNATING THE PLAINTIFF-APPELLEE THE RESIDENTIAL PARENT OF THE PARTIES' MINOR CHILDREN."
 {¶ 7} A trial court's decisions regarding spousal support, the division of marital property and child custody are reviewed on an abuse of discretion standard. Booth v. Booth, (1989), 44 Ohio St.3d 142, 144,541 N.E.2d 1028; Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355,421 N.E.2d 1293; Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 24,550 N.E.2d 178.
 {¶ 8} At the outset, we note that Appellant has submitted a brief that is neither well researched nor well argued. While this brief fails to meet the minimum requirements set forth in the appellate rules, in the interests of justice we will attempt to address these assignments of error as we understand them.
 {¶ 9} Appellant's first assignment of error argues that she should have been awarded spousal support because Appellee earns $40,000 per year and because she is unemployed. Appellant argues that it is an abuse of discretion to fail to award spousal support when there is a great disparity in income levels and standards of living of the parties, citingWilliams v. Williams (1996), 116 Ohio App.3d 320, 327, 688 N.E.2d 30.
 {¶ 10} The trial court is required to consider the factors listed in R.C. § 3105.18(C) in making its determination of spousal support. See Kaechele v. Kaechele, (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph one of the syllabus (dealing with a prior version of the statute). The trial court is also required to explain its decision in enough detail to give a reviewing court a basis for determining that the spousal support decision is, "fair, equitable and in accordance with the law." Id. at paragraph two of the syllabus; Heslep v. Heslep (June 14, 2000), 7th Dist. No. 825.
 {¶ 11} R.C. § 3105.18(C) states:
 {¶ 12} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 13} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 14} "(b) The relative earning abilities of the parties;
 {¶ 15} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 16} "(d) The retirement benefits of the parties;
 {¶ 17} "(e) The duration of the marriage;
 {¶ 18} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 19} "(g) The standard of living of the parties established during the marriage;
 {¶ 20} "(h) The relative extent of education of the parties;
 {¶ 21} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 22} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 23} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 24} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 25} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 26} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 27} While a, "trial court is not required to make individual findings of fact as to each factor [listed in R.C. § 3105.18(C)], so long as there is some evidence in the record going to each one," Youngv. Young (Dec. 29, 1993), 9th Dist. No. 93CA005554, "[t]he domestic relations court should set forth the basis for its decision [regarding spousal support] with enough detail to permit proper appellate review."Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609, 613, 695 N.E.2d 1205. "[T]he issue is whether the court's judgment entry and the transcript of the hearing provide sufficient details to enable this court to review the lower court's determination and whether such review shows that the lower court considered the factors specified in R.C. 3105.18(C)." Munroe v.Munroe (1997), 119 Ohio App.3d 530, 541, 695 N.E.2d 1155.
 {¶ 28} The trial court did state in its entry that it considered the factors for granting spousal support listed in R.C. § 3105.18(C), which raises a presumption that the factors were considered. Nevertheless, we must examine the record to determine whether there is evidence to support a conclusion that the factors were considered, and whether the trial court has provided enough detail in the divorce decree for this Court to be able to review the spousal support order.
 {¶ 29} The trial court's primary consideration appeared to be that Appellant could obtain employment but voluntarily chose not to work. This reason is not listed as a specific factor in R.C. § 3105.18(C)(1), but may be treated as a factor under the catch-all provision in R.C. § 3105.18(C)(1)(n). The record reflects that Appellant had a high school education and had no special skills. The record also reflects that Appellant was employed at times during the marriage, and at the time the divorce complaint was filed she was working as a house painter for $9.00 per hour. (7/19/01 Tr., pp. 45, 130.)
 {¶ 30} The trial court stated that Appellee would be assuming a significantly larger portion of the parties' marital debt as part of the divorce decree, which corresponds to the factor in R.C. §3105.18(C)(1)(i). The record does not support such a finding. The trial court assigned to Appellee a larger part of the parties' credit card debt, but appeared to balance that out by assigning to Appellee the titles and lease contracts to four of the parties' five motorized vehicles.
 {¶ 31} The trial court also considered that Appellant would receive part of Appellee's retirement benefits, which is the factor mentioned in R.C. § 3105.18(C)(1)(d). It is not clear from the record whether the retirement benefits have any present value for Appellant or whether Appellant will only see a benefit upon Appellee's retirement. Therefore, it is not clear whether these retirement benefits have any bearing on whether Appellant should receive spousal support.
 {¶ 32} The only factor overtly supporting the trial court's decision concerning spousal support is Appellant's voluntary lack of employment, a factor not specifically enumerated in R.C. §3105.18(C)(1). Given Appellant's lack of marketable skills, it is difficult to understand how this factor could have significantly affected the trial court's decision. Although the trial court may have had more developed reasons for denying Appellant's request for spousal support, it simply is not clear from the record what those reasons might have been. Consequently, we must reverse the portion of the trial court's judgment which denied Appellant any right to spousal support, specifically, section 18 of the August 21, 2001 Judgment Entry, p. 9. We sustain Appellant's first assignment of error, and remand this case for a redetermination of the request for spousal support and for a more detailed analysis of the factors listed in R.C. § 3105.18(C)(1).
 {¶ 33} Appellant's second assignment of error, consisting of three sentences in her brief, alleges that she was awarded property worth $5,000 that Appellee admitted he had destroyed. Appellant does not describe this property or point to anything in the record substantiating this accusation. It is not the responsibility of the Court of Appeals to randomly search through the record to find support for an assignment of error. State ex rel. Fresh Mark, Inc. v. Mihm (1992), 65 Ohio St.3d 417,420, 604 N.E.2d 753. It is not even entirely clear what error Appellant is alleging. Therefore, this assignment of error is overruled.
 {¶ 34} Appellant's third assignment of error argues that it was not in the best interests of the children to be placed with Appellee because he uses and manufactures illegal drugs, and because he molested one of his children from a previous marriage.
 {¶ 35} Other than Appellant's testimony, there is no evidence that Appellee used or manufactured illegal drugs. In fact, the record reflects that Appellee passed a number of random drug tests at work and that he also passed a court-ordered drug test. (7/19/01 Tr., Court Exh. 2). Appellant took the same drug test and tested positive for cannabinoids, i.e., marijuana. (7/19/01 Tr., Court Exh. 3). The guardian ad litem's report found the allegations of drug use to be unfounded. (7/19/01 Tr., Court Exh. 1). Appellee denied using illegal drugs or having a drug problem. (7/19/01 Tr., 103).
 {¶ 36} Appellant does not point to anything in the record supporting charges of child molestation, and we find no support in the record for such accusations.
 {¶ 37} These issues were resolved based on the credibility of evidence. A reviewing court gives great deference to the credibility determinations of a trial court: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Therefore, the trial court was within its discretion to believe the evidence showing that Appellee did not use or manufacture illegal drugs, and to disbelieve evidence, if evidence was offered, concerning Appellant's claims of child molestation. Thus, Appellant's third assignment of error is also overruled.
 {¶ 38} In conclusion, the matter is reversed and remanded for a redetermination of the issue concerning spousal support. The trial court's decision is affirmed in all other aspects.
Donofrio, J., concurs.
DeGenaro, J., concurs.