[Cite as *State ex rel. Cambridge Home Health Care, Inc. v. Indus. Comm.*, 124 Ohio St.3d 477, 2010-Ohio-651.]

THE STATE EX REL. CAMBRIDGE HOME HEALTH CARE, INC. *v*. INDUSTRIAL

COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. Cambridge Home Health Care, Inc. v. Indus. Comm.*,

124 Ohio St.3d 477, 2010-Ohio-651.]

*Workers' compensation — Hearing officer's reliance on a physical therapy report*
*to award compensation for loss of use was an abuse of discretion — Loss-*
*of-use award must be supported by a physician's report — Limited writ*
*granted.*

(No. 2008-1464 — Submitted January 12, 2010 — Decided March 3, 2010.)

IN MANDAMUS.

_____

**Per Curiam**.

**{¶ 1}** Respondent Industrial Commission of Ohio awarded respondent Laura Horvat 175 weeks of compensation under R.C. 4123.57(B) for the total loss of use of her right hand. It based that award solely on the report of a physical therapist. Relator, Cambridge Home Health Care, Inc., has brought this original action, asserting that a loss-of-use award must be based, at least in part, on a licensed physician's report and that it may never be based solely on a report by a physical therapist. We agree.

**{¶ 2}** Horvat's 2004 workers' compensation claim was allowed for a right wrist sprain with arthritis. She later moved for scheduled-loss compensation under R.C. 4123.57(B) for the loss of use of her hand. In support, she submitted a functional-capacities evaluation prepared by physical therapist Barbara Hornbeek. The report noted that Horvat's right hand was incapable of performing maneuvers that required dexterity or repetition. Hornbeek felt that these restrictions were permanent, although she reported that Horvat's performance was not entirely

substantiated by objective findings and that at points, her performance may have been self-limited.

{¶ 3}   The physical therapy report did not comment on the degree of loss or whether Horvat had a total loss of use of her hand.  Cambridge Home Health Care had the physical therapy report reviewed by Dr. Scott E. Singer, a licensed physician, who concluded that Horvat's level of function, as recorded by Hornbeek, did not meet the standard for loss of use.

{¶ 4}   A staff hearing officer awarded Horvat 175 weeks of compensation for total loss of use, relying exclusively on the physical therapy report. Reconsideration was denied, and Cambridge Home Health Care commenced this original action in mandamus.

{¶ 5}   At issue is the hearing officer's exclusive reliance on a physical therapy report to award 175 weeks of scheduled-loss compensation.  Cambridge Home Health Care argues that a loss-of-use award must be supported by a physician's report and cannot be based solely on a physical therapy report.  The commission now agrees that the hearing officer erred and joins Cambridge Home Health Care in asking us to vacate the award.  Horvat responds that the hearing officer did not rely simply on the physical therapist's report and that even if he did, that reliance was not fatal.  We agree with the position of Cambridge Home Health Care.

{¶ 6}   Contrary to Horvat's representation, the hearing officer did rely exclusively on the physical therapy report.  The closing boilerplate language, "all proof on file was reviewed and considered," is not, as Horvat claims, proof that the hearing officer implicitly relied on other evidence in the file. See *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 483-484, 6 OBR 531, 453 N.E.2d 721.

{¶ 7}   The reliance on a single physical therapy report is an abuse of discretion for several reasons.  First, regardless of whether a loss-of-use award is

considered an impairment award or a disability award – it has elements of both – a physical therapist is prohibited from giving an opinion on either. The General Assembly has prohibited physical therapists from issuing disability conclusions. R.C. 4755.40(A) specifically forbids a physical therapist to make a "medical diagnosis of a patient's disability." And we have restricted impairment determinations to doctors. *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 171, 31 OBR 369, 509 N.E.2d 946 ("impairment is the amount of a claimant's anatomical * * * loss of function and is to be determined by the *doctors* and set forth within the medical reports" [emphasis added]).

{¶ 8} Second, while R.C. 4123.57(B) is silent as to the proof required, review of that statute in its entirety favors Cambridge Home Health Care's position. R.C. 4123.57 covers both scheduled-loss and smaller permanent partial disability awards. Under the statute, every claimant who applies for permanent partial disability compensation must have an agency medical examination. "Medical examination," in turn, means a physician's exam, based on a cumulative reading of R.C. 4123.53 (the Industrial Commission may require any employee claiming compensation to submit to a medical examination) and 4121.38 (the Industrial Commission shall implement impairment-evaluation programs for its physicians, shall designate medical-legal analysts, and may establish a medical section). It defies logic to suggest, for example, that a 2 percent permanent partial disability award must be supported by a physician's report, but a loss-of-use award generating 175 weeks of benefits does not.

{¶ 9} A physical therapist, of course, is not a physician. A physician is defined as an individual authorized under R.C. Chapter 4731 to practice medicine, osteopathic medicine, or podiatry. R.C. 4730.01(B). The Ohio Administrative Code defines the term similarly for purposes of the workers' compensation health partnership program, but adds psychologists, dentists, and doctors of chiropractic and mechanotherapy as physicians. Ohio Adm.Code 4123-6-01(D).

**{¶ 10}** The Tenth District Court of Appeals has relied on this administrative provision to reject an effort to expand the class of professionals able to certify workers' compensation disability. In *State ex rel. Fries v. Bur. of Workers' Comp.*, Franklin App. No. 01AP-721, 2002-Ohio-3252, the claimant argued that because both physicians and licensed clinical counselors were defined in Ohio Adm.Code 4123-6-01(F) as "practitioners," the two had the same rights. Id. at ¶ 19. The appellate court, in adopting the magistrate's report, disagreed:

**{¶ 11}** "While a *physician* is a *practitioner* under the [Health Partnership Program], those terms are obviously not equivalent. In other words, even if Ms. Schwartz, as a licensed professional clinical counselor, can claim 'practitioner' status under the [Health Partnership Program] definition, she clearly is not a physician." (Emphasis sic.) Id. at ¶ 111.

**{¶ 12}** This holding is notable because a physical therapist is also a "practitioner" under Ohio Adm.Code 4123-6-01(F). This implies that a physical therapist, as a nonphysician, is also foreclosed from issuing a disability opinion.

**{¶ 13}** Other jurisdictions have also disqualified physical therapists from offering disability or impairment conclusions. In *Bolton v. CNA Ins. Co.* (Tenn.,1991), 821 S.W.2d 932, the Tennessee Supreme Court ruled that a physical therapist's permanent partial impairment assessment could not be used as evidence in a workers' compensation case. Id. at 938. Health professionals, the court began, were competent "to testify as an expert only as to matters within the limited scope of his or her expertise and licensure." Id. at 935. This scope, in turn, was defined by the state's Occupational and Physical Therapy Practice Act, Tenn.Code Ann. Chapter 13 – a statute with requirements similar to ones contained in R.C. Chapter 4755.

**{¶ 14}** Tennessee's statute permitted physical therapists to evaluate and treat individuals "using specific means and narrowly defined methods." Id. at 936. The act specifically prohibited the practice of medicine and, with only a very

4

limited exception, authorized physical therapy only upon referral by a physician.[1] This referral requirement prompted the court to conclude that physical therapy is a narrow health specialty limited in scope.

{¶ 15} "[A] physical therapist is not qualified to form and express an expert opinion as to the permanent impairment or permanent physical restrictions of an injured person.  * * * [A] physical therapist's testimony must be limited to objective findings and cannot encompass an opinion on ultimate disability." Id. at 938.

{¶ 16} Citing *Bolton*, a United States Court of Appeals reached the same result in an automobile negligence action.  *Stutzman v. CRST, Inc.* (C.A.7, 1993), 997 F.2d 291, held that a physical therapist could not testify that she had a rehabilitation plan that could improve the patient's strength and coordination enough to permit light work. Id. at 298.  The court characterized her statements as "a medical prognosis that a physical therapist was not qualified to render." Id.

{¶ 17} Federal regulations have long excluded physical therapists from the list of "[a]cceptable medical sources" authorized to "provide evidence to establish an impairment" in social security disability cases.  Section 404.1513(a), Title 20, C.F.R.  Section 404.1513(d), Title 20, C.F.R. instead includes physical therapists among "other sources" on which the agency may rely to "show the severity of [an] impairment[ ] and how it affects [an individual's] ability to work." Accordingly, physical therapist opinions cannot be used to establish the existence of a disability; they can be considered only in conjunction with a doctor's report to help determine the disability's severity.  *Rigby v. Astrue* (Sept. 17, 2009), M.D. Tenn. No. 3:08-CV-519, 2009 WL 3048668, * 7-8.   They are "entitled to consideration as additional evidence, but are not entitled to controlling weight."

---

1. Ohio has a similar requirement in R.C. 4755.48(F).

*Hatton v. Social Sec. Administration* (C.A. 3, 2005), 131 Fed.Appx. 877, 878, 2005 WL 1220840.

{¶ 18} In the case at bar, the staff hearing officer relied solely on a physical therapy report to award 175 weeks of scheduled-loss compensation for an alleged loss of the use of a hand. The commission now concedes that this was an abuse of discretion, and our review supports that conclusion.

{¶ 19} We accordingly issue a limited writ of mandamus that vacates the commission's order and orders the commission to further consider Horvat's motion and issue a new order.

Limited writ granted.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

————————————

Millisor & Nobil Co., L.P.A., and Michael J. Reidy, for relator.

Richard Cordray, Attorney General, and Charissa D. Payer, Assistant Attorney General, for respondent Industrial Commission.

Thomas C. Mays & Associates and Mark M. Sturik, for respondent Laura Horvat.

————————————